UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR BERNARDEZ,

Petitioner,

v.

BRUCE BANNON,
Warden, Franklin Correctional Facility,

Respondent.



Case No. 12-CV-4289 (KMK) (LMS)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

On May 31, 2012, Victor Bernardez ("Petitioner"), proceeding through counsel, filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (the "Petition"), challenging

his June 3, 2008 judgment of conviction in New York state court and his aggregate term of

imprisonment of seven years after being convicted of burglary, unlawful imprisonment, and

sexual abuse. (Pet. for Writ of Habeas Corpus 1–2 (Dkt. No. 1).) On June 19, 2012, the case

was referred to Magistrate Judge Lisa Margaret Smith ("Judge Smith") pursuant to 28 U.S.C.

§ 636(b)(1). (*See* Order Referring Case to Magistrate Judge (Dkt. No. 3).) On June 9, 2016,

Judge Smith issued a Report and Recommendation (the "R&R") recommending that the Petition

be denied. (*See* Dkt No. 20.) Petitioner filed timely objections to the R&R on July 7, 2016.

(*See* Pet'r's Obj. (Dkt. No. 25); *see also* Memo Endorsement (Dkt. No. 24) (extending

Petitioner's time to object to the R&R).) For the reasons set forth below, the Court adopts the

R&R.

## I. Discussion

### A. Standard of Review

#### 1. Review of a Magistrate Judge's Report & Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)–(F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(1).

"A district court evaluating a magistrate judge's report may adopt those portions of the report [and recommendation] to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). However, where a party timely objects to a report and recommendation, as Petitioner has done here, the district court reviews the parts of the report and recommendation to which the party objected de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When a [petitioner] simply rehashes the same arguments set forth in [his] original petition, however, such objections do not suffice to invoke de novo review of the [r]eport." *Aponte v. Cunningham*, No. 08-CV-6748, 2011 WL 1432037, at *1 (S.D.N.Y. Apr.

2

11, 2011) (italics omitted); *see also Hall v. Herbert*, Nos. 02-CV-2299, 02-CV-2300, 2004 WL 287115, at *1 (S.D.N.Y. Feb. 11, 2004) ("[T]o the extent that a party simply reiterates his original arguments, the [c]ourt reviews the report and recommendation only for clear error.").

### 2. Habeas Corpus Review

#### a. General Principles

Petitions for a writ of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that "[t]he writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1)–(2)). In this context, "it is the habeas applicant's burden to show that the state court applied [federal law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam). "[A]n unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (internal quotation marks omitted). Consequently, a federal court must deny a habeas petition in some circumstances even if the court would have reached a conclusion different from the one reached by the state court,

because "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102; *see also Cullen v. Pinholster*, 563 U.S. 170, 202–03 (2011) ("Even if the [federal] Court of Appeals might have reached a different conclusion as an initial matter, it was not an unreasonable application of our precedent for the [state court] to conclude that [the petitioner] did not establish prejudice."); *Hawthorne v. Schneiderman*, 695 F.3d 192, 197 (2d Cir. 2012) ("Although we might not have decided the issue in the way that the [New York State] Appellate Division did—and indeed we are troubled by the outcome we are constrained to reach—we . . . must defer to the determination made by the state court . . . ." (citation omitted)).

Under AEDPA, the factual findings of state courts are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1); *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997). A petitioner can rebut this presumption only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Cotto v. Herbert*, 331 F.3d 217, 233 (2d Cir. 2003) (same). Finally, only federal law claims are cognizable in habeas proceedings. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

### b. Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged

4

violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). Accordingly, "the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). This requirement reflects important "notions of comity between the federal and State judicial systems." *Strogov v. Att'y Gen.*, 191 F.3d 188, 191 (2d Cir. 1999). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

There are two components to the exhaustion requirement. *See McCray v. Bennet*, No. 02-CV-839, 2005 WL 3182051, at *7 (S.D.N.Y. Nov. 22, 2005) ("A two-step analysis is used to determine whether a claim has been exhausted . . . ."). "First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981), *overruled on other grounds by Daye v. Att'y Gen.*, 696 F.2d 186, 195 (2d Cir. 1982) (en banc); *see also Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (same). This requirement is satisfied if the claim is presented in a way that is "likely to alert the court to the claim's federal nature," *Daye*, 696 F.2d

5

at 192, and the state courts are "apprised of both the factual and the legal premises of the claim [the petitioner] asserts in federal court," *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (alteration in original) (internal quotation marks omitted). In other words, a state prisoner need not cite "chapter and verse of the Constitution" to satisfy this requirement. *Daye*, 696 F.2d at 194. However, it is "not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted). Rather, the claims must be made in such a way so as to give the state courts a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* (internal quotation marks omitted).

"Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim." *Klein*, 667 F.2d at 282; *see also Pettaway v. Brown*, No. 09-CV-3587, 2010 WL 7800939, at *9 (S.D.N.Y. May 3, 2010) (same), *adopted by* 2011 WL 5104623 (S.D.N.Y. Oct. 26, 2011). In New York, "a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). If the petitioner fails to exhaust his or her state remedies through this entire appeal process, he or she may still fulfill the exhaustion requirement by collaterally attacking the conviction via available state methods. *See Klein*, 667 F.2d at 282–83; *West v. Sheahan*, No. 12-CV-8270, 2014 WL 5088101, at *3 (S.D.N.Y. Sept. 18, 2014); *Sparks v. Burge*, No. 06-CV-6965, 2012 WL 4479250, at *4 (S.D.N.Y. Sept. 28, 2012). For example, in New York a defendant may challenge the conviction based on matters not in the record that could not have been raised on direct appeal, *see* N.Y.

Crim. Proc. Law § 440.10, but a defendant may not seek collateral review of claims that could have been raised on direct appeal and were not, *see id.* § 440.10(2)(c); *see also O'Kane v. Kirkpatrick*, No. 09-CV-5167, 2011 WL 3809945, at *7 (S.D.N.Y. Feb. 15, 2011) ("Under New York law, all claims that are record-based must be raised in a direct appeal. . . . It is only when a defendant's claim hinges upon facts outside the trial record, that he may collaterally attack his conviction by bringing a claim under CPL § 440.10."), *adopted by* 2011 WL 3918158 (S.D.N.Y. Aug. 25, 2011).

### c. Procedural Default

In addition to the exhaustion requirement, a federal court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A state court decision is "independent" when it "fairly appears" to rest primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)). A decision is "adequate" if it is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991)). "Although this doctrine originated in the context of state-court judgments for which the alternative state and federal grounds were both 'substantive' in nature, the doctrine 'has been applied routinely to state decisions forfeiting federal claims for violation of state procedural rules.'" *Harris*, 489 U.S. at 260–61; *see also Coleman*, 501 U.S. at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

7

"If it fairly appears that the state court rested its decision primarily on federal law, [a] [c]ourt may reach the federal question on review" unless the state court "clearly and expressly state[d] that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 261, 263 (internal quotation marks omitted). This "plain statement" rule applies only "when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law." *Coleman*, 501 U.S. at 739. When analyzing whether a state court decision rested primarily on federal law or was interwoven with federal law, the court should consider "(1) the face of the state-court opinion, (2) whether the state court was aware of a procedural bar, and (3) the practice of state courts in similar circumstances." *Jimenez*, 458 F.3d at 145 (2d Cir. 2006). In cases where there is no evidence the state court rested its decision on federal law, a federal habeas court may "presume that silence in the face of arguments asserting a procedural bar indicate[s] that [an] affirmance was on state procedural grounds." *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993). "Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

New York permits criminal defendants only one application for direct review. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.20(a)(2); *Jimenez*, 458 F.3d at 149 ("[The petitioner] has already taken his one direct appeal [under New York law] . . . ."). "New York procedural rules bar its state courts from hearing either claims that could have been raised on direct appeal but were not, or claims that were initially raised on appeal but were not presented to the Court of Appeals." *Sparks*, 2012 WL 4479250, at \*4. Accordingly, in those situations, a petitioner no longer has any available state court remedy, and the unexhausted claims are therefore deemed exhausted, but procedurally barred. *See Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim

8

to the state courts so that the state courts would deem the claim procedurally barred, we must

deem the claim procedurally defaulted." (alteration and internal quotation marks omitted)); *see*

*also Aparicio*, 269 F.3d at 90 (noting the reality that deeming an unpresented claim to be

exhausted is "cold comfort"). "An applicant seeking habeas relief may escape dismissal on the

merits of a procedurally defaulted claim only by demonstrating 'cause for the default and

prejudice' or by showing that he is 'actually innocent' of the crime for which he was convicted."

*Carvajal*, 633 F.3d at 104 (quoting *Aparicio*, 269 F.3d at 90); *see also Dretke v. Haley*, 541 U.S.

386, 388 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional

claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the

default," or a showing that the petitioner "is actually innocent of the underlying offense . . . .").

### 3. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are analyzed under the rubric established in

*Strickland v. Washington*, 466 U.S. 668 (1984). *See Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d

Cir. 2007). *Strickland* created a two-part test directing courts to determine: (1) whether

counsel's performance was deficient and (2) whether prejudice resulted from the attorney's

deficient performance. *See* 466 U.S. at 687; *Harrington*, 562 U.S. at 104. In order to satisfy the

deficiency prong, a petitioner must prove that "counsel's representation fell below an objective

standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court must ask whether the

"attorney's representation amounted to incompetence under 'prevailing professional norms,' not

whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105.

The Court must "indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance; that is, the defendant must overcome the presumption that,

9

under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Miller*, 500 F.3d 149, 156 (2d Cir. 2007) (internal quotation marks).

When assessing prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

When the "highly deferential" standards created by *Strickland* and § 2254 act in tandem, habeas review is "doubly" deferential. *Harrington*, 562 U.S. at 105. In the context of habeas review of a state court judgment, "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted).

B. Analysis

The facts pertinent to the Petition are relayed in the R&R. *(See* R&R 2–10.)

Before examining the merits of the case, the Court considers whether Petitioner has lodged proper objections to the R&R. A petitioner may not invoke de novo review of a magistrate's report and recommendation merely by "reiterat[ing] his original arguments." *Aponte*, 2011 WL 1432037, at *1. Objections to a report and recommendation "are to be specific and are to address only those portions of the proposed findings to which the party objects." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (internal quotation marks omitted). The petitioner must "pinpoint specific portions of the report and recommendations to which [he] object[ts]." *Id.* (internal quotation marks omitted). An objection is not sufficient if the petitioner "simply rearrange[s] . . . portions of his original brief." *Vega v.*

10

*Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *2 (S.D.N.Y. Sept. 30, 2002). Moreover, "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Ortiz v. Barkely*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (internal quotation marks omitted).

Here, Petitioner's objections are a verbatim recitation of arguments made in his brief to Judge Smith. (*Compare* Pet'r's Obj., *with* Pet'r's Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus (Dkt. No. 15).) Beyond perfunctorily stating that he "respectfully objects to [the R&R] and urges this Court to grant the [P]etition," (Pet'r's Obj. 1), Petitioner neither offers specific objections to the R&R nor makes any reference to its findings or conclusions, (*see id.*). It appears to the Court that Petitioner, through counsel, merely deleted large portions of his brief to Judge Smith, rearranged some of the paragraphs, and resubmitted the document in lieu of specific objections. Such a submission fails to meet the minimum threshold for objections, and the Court is therefore not obliged to conduct any de novo review of the R&R. *See Aponte*, 2011 WL 1432037, at *1 (declining to review report and recommendation de novo after the petitioner offered only "precisely the same argument [he] raised in his original petition"); *Vega*, 2002 WL 31174466, at *2 (declining to review report and recommendation de novo after the petitioner "simply rearranged many portions of his original brief").

However, even were the Court to afford de novo review to those portions of the report to which it might conceivably be said Petitioner offered an objection, there is no error.

In the only portion of his objections not copied from his original brief, Petitioner argues:

> In the same way that we would find it unacceptable for a first year resident, alone in the operating room, to remove a tumor from a patient's brain, so too it is

unacceptable for an attorney to have as his very first trial case—without supervision on the record—a violent felony where the defendant faces mandatory state prison time and certain removal from this count[r]y. It is unacceptable because such are the conditions that create the perfect storm; the lack of substantial felony training, experience and knowledge significantly increases the likelihood of consequential error.

(Pet'r's Obj. 5.) Setting aside the strained analogy to brain surgery, it has long been the law in the Second Circuit that "inexperience alone does not constitute ineffective assistance absent specific instances of deficient conduct." *United States v. O'Neil*, 118 F.3d 65, 72 n.2 (2d Cir. 1997) (citing *United States v. Cronic*, 466 U.S. 648, 665 (1984)); *see also Carr v. Bezio*, No. 12-CV-277, 2015 WL 6872339, at *3 (W.D.N.Y. Nov. 9, 2015) ("[I]nexperience is not tantamount to ineffective assistance of counsel." (internal quotation marks omitted)); *Arevalo v. Artus*, 104 F. Supp. 3d 257, 265 (E.D.N.Y. 2015) (same); *United States v. Salameh*, 54 F. Supp. 2d 236, 250 (S.D.N.Y. 1999) (concluding that to allow ineffective assistance of counsel claims based on lack of experience "would have one conclude that every 'first' trial is perpetrated by an incompetent, a position this court is unwilling to accept"), *aff'd*, 16 F. App'x 73 (2d Cir. 2001). The test of ineffective assistance of counsel is governed by the two prongs of *Strickland*, not by Petitioner's (or the Court's) intuition as to how many cases an attorney should try before defending a client on felony charges. *See Salameh*, 54 F. Supp. 236 2d at 250. Accordingly, absent a sufficient showing of particularized error and prejudice, habeas relief will not be afforded to Petitioner.

Although Petitioner has attempted to identify specific conduct of his trial counsel as falling below the standard of objectively reasonable counsel, the R&R thoroughly and adeptly addresses those arguments. Specifically, with regard to Petitioner's claim that trial counsel was ineffective for failing to confront the claimant ("B.A.") with alleged inconsistences between her trial testimony and a police report, Judge Smith pointed out that the New York Appellate

12

Division (the "Appellate Division") reviewed the proposed line of questioning and concluded that under state law, the police report could not be used to impeach B.A and therefore trial counsel's performance was not deficient. (*See* R&R 17 (citing Resp't's Resp. to Pet. for Writ of Habeas Corpus ("Resp't's Resp.") Ex. 20, at 2 (Dkt. No. 9)).) As a federal court is not competent to second-guess a state court's construction of state law, *see Policano v. Herbert*, 453 F.3d 79, 92 (2d Cir. 2006), and given the "doubly deferential" review afforded to a state court's adjudication of ineffective assistance of counsel claims, the Appellate Division's disposal of this claim was not unreasonable. And with regard to Petitioner's claim that trial counsel should have more effectively cross-examined the prosecution's "prompt outcry witness" about her failure to correct allegedly inconsistent statements made by B.A., Judge Smith was correct in noting that counsel "adequately presented these inconsistences to the jury," (R&R 21), and that the mere fact that other able counsel may have approached the cross-examination differently does not render trial counsel's assistance ineffective, (*see id.* at 22). *See also Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) ("The determinative question . . . is not whether counsel 'deviated from best practices or most common custom' . . . ." (quoting *Harrington*, 562 U.S. at 105)); *Hurel Guerrero v. United States*, 186 F.3d 275, 281 (2d Cir. 1999) ("A claim that counsel was not the best counsel does not automatically translate into a meritorious ineffective assistance of counsel claim under the Sixth Amendment.").

   With respect to Petitioner's claim that trial counsel should have objected to the introduction of testimony that B.A. relayed her account of the assault to a detective three weeks after the assault took place, Judge Smith recognized that the Appellate Division held that the testimony was admissible under state law as background information for the events leading up to the arrest. (*See* R&R 23–24; *see also* Resp't's Resp. Ex. 20, at 2.) Again, because the Court has

13

no occasion to question the Appellate Division's construction of state law, the failure of trial counsel to make an objection that was deemed improper by the Appellate Division was not objectively unreasonable. Judge Smith rightly noted that the Appellate Division's explanation of why trial counsel was not unreasonable in failing to object to the characterization of the testimony in summation was unclear, but that the affirmation provided by Petitioner in support of his motion in state court to vacate the judgment offers at least a plausible explanation for choosing not to object during the prosecution's summation. (*See* R&R 24–25). *See also Harrington*, 562 U.S. at 104 ("A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." (internal quotation marks omitted)).

Regarding Petitioner's claim that trial counsel should have requested a limiting instruction on the use of "prompt outcry" testimony, Judge Smith was correct in concluding that it was not contrary to or an unreasonable application of *Strickland* for the Appellate Division to hold that the trial court properly instructed the jury on the use of "prompt outcry" testimony, and thus trial counsel's failure to object to the jury charge was not objectively unreasonable. (*See* R&R 27–28 (citing Resp't's Resp. Ex. 20, at 3).)

Accordingly, Judge Smith was correct in concluding that the cumulative effect of the alleged errors of trial counsel was not to deprive Petitioner of constitutionally able counsel. (*See id.* at 28–29.) Even assuming that all of trial counsel's alleged errors were constitutionally infirm, the errors complained of did not prejudice Petitioner in any material way. The inconsistent statements that Petitioner insists were critical to his case were, in fact, brought out before the jury and highlighted by trial counsel during his summation. (*See* Trial Tr. (Feb. 15,

14

2008) 339–40.)[1] There is no merit to Petitioner's claim that trial counsel's alleged missteps deprived him of his constitutional right to effective assistance of counsel.

Finally, Petitioner urges this Court, as he did in his brief to Judge Smith, that if the Court has any doubt about trial counsel's lack of coherent strategy, it should conduct a factual hearing. (Pet'r's Obj. 6.) But an evidentiary hearing is necessary only if the "record fails to suggest any plausible trial strategy." *Eve v. Senkowski*, 321 F.3d 110, 129 (2d Cir. 2003). While Petitioner encourages the Court to probe "whether [trial counsel] had an identifiable trial strategy," (Pet'r's Obj. 6), the proper inquiry is "into the objective reasonableness of counsel's performance, not counsel's subjective state of mind," *Harrington*, 562 U.S. at 110; *see also Prescott v. Lee*, No. 11-CV-482, 2013 WL 1192784, at *11 (E.D.N.Y. Mar. 22, 2013) ("Here, although counsel was ignorant of the law, the court cannot say that his choice of the alibi defense was objectively unreasonable."), *aff'd*, 634 F. App'x 38 (2d Cir. 2015); *Polanco v. United States*, No. 99-CV-5739, 2000 WL 1072303, at *4 (S.D.N.Y. Aug. 3, 2000) ("[The petitioner] does not explain why defense counsel's logic and reasoning is relevant to the claims he presses here. The need for a hearing to explore counsel's subjective state of mind is not obvious, especially since the test of the reasonableness of counsel's conduct . . . is an objective one."). Because the state court's determination of trial counsel's conduct was not an unreasonable application of *Strickland* and its progeny, there is no need for the Court to inquire into trial counsel's justifications for his conduct.

---

[1] Because of the nature of the case, the trial transcript has not been docketed or otherwise made public.

15

## II. Conclusion

The Court, having conducted a thorough review of the R&R, finds no error, clear or otherwise. The Court therefore adopts Judge Smith's R&R. Petitioner's writ of habeas corpus is accordingly dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and close the case.

SO ORDERED.

DATED:   September 29, 2016
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

16